# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IN RE ROLAND KRYSHESKI:**

ROLAND KRYSHESKI,
        Debtor,                               Case No. 06-C-0366

    v.

LARRY H. LIEBZEIT,
        Trustee.

## MEMORANDUM AND ORDER

Contending that the bankruptcy judge had erroneously dismissed his Chapter 7 petition pursuant to § 707(a)(1) of the Bankruptcy Code, 11 U.S.C. § 707(a)(1), Roland Krysheski filed an appeal from the judgment of the United States Bankruptcy Court for the Eastern District of Wisconsin. The trustee elected not to file a brief in response and requested that the court decide the appeal based on the brief and transcript of the hearing. The court has concluded that the facts and legal arguments are adequately presented in the appellant's brief and record and that its decisional process would not be significantly aided by oral argument. *See* Bankr. Rule 8012. For the following reasons, the judgment of dismissal will be vacated, and the case will be remanded to the bankruptcy court.

Krysheski and his wife filed a voluntary Chapter 7 petition on October 13, 2005. Shortly thereafter, Krysheski and his wife separated and Krysheski moved out of the marital home. His wife converted her Chapter 7 case to a Chapter 13 case. Krysheski remained in the Chapter 7 case. A

meeting of creditors, as required by 11 U.S.C. § 341, was scheduled for January 19, 2006. However, neither Krysheski nor his creditors attended the meeting. The trustee moved for dismissal based on the debtor's failure to appear.

On February 22, 2006, Bankruptcy Judge Susan V. Kelley held a telephone hearing on the motion to dismiss in which Krysheski, in person and through counsel, attempted to explain his absence at the meeting. Counsel claimed that her secretary sent notice of the meeting to Krysheski's marital home address, where he no longer resided. (Tr. at 3.) Krysheski himself stated that he regularly asked his wife whether he had received any mail but that she had only informed him of the notice "just the other day." (Tr. at 4.) The trustee asked when counsel had mailed the notice, and counsel represented that such letters were "usually sent out a week before, approximately," but she was unable to locate a copy of the letter in her file. (Tr. at 4-5.) The trustee then pointed out that counsel had filed a change of address listing Krysheski's new address as his work address on December 9, 2005. At this point counsel proffered the testimony of her secretary, who stated that she usually sent notices "approximately a month beforehand" and had sent the notice in this case to the client's old address before she had the new one. (Tr. at 7-8.) The bankruptcy judge, declaring that she was "not buying any of this" (Tr. at 8) granted the trustee's motion to dismiss. In its written order dismissing the case, the bankruptcy court noted that the debtor had failed to appear as required by law at the meeting of creditors held pursuant to 11 U.S.C. § 341, that it appeared proper notice was given, and that the court was "not satisfied with the debtor's explanation at the hearing held on February 22, 2006." (Doc. # 14.)

Section 707(a) of the Bankruptcy Code provides that a bankruptcy court may dismiss a Chapter 7 case:

2

> only after notice and a hearing and only for cause, including–
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees [or] and charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 [11 U.S.C. § 521], but only on a motion by the United States trustee.

11 U.S.C. § 707(a)(1).

"Dismissal under this provision is subject to the court's sound discretion." *In re Eastman*, 188 B.R. 621, 624 (9th Cir. BAP 1995). This discretion is not unfettered, however. Rather, the court "must engage in case-by-case analysis in order to determine what constitutes 'cause' sufficient to warrant dismissal and must determine whether dismissal would be in the best interest of all parties in interest. In other words, bankruptcy courts are charged with assessing the vagaries of each case." *In re Bucurescu*, 282 B.R. 124, 133 (S.D.N.Y. 2002) (internal quotations omitted).

Here, the bankruptcy judge dismissed Krysheski's petition pursuant to § 707(a)(1). (Docket # 14.) Dismissal under this section requires a finding of unreasonable delay that is prejudicial to the creditors. *In re Dinova*, 212 B.R. 437, 441 (2nd Cir. BAP 1997). There is no dispute that Krysheski's failure to attend the meeting of creditors resulted in a delay of the proceeding. The bankruptcy judge apparently concluded either that Krysheski's claim not to have received notice and/or his attorney's explanation as to how it was mailed to the wrong address were not credible. The bankruptcy judge did not conclude, however, that Krysheski's failure to attend the meeting was prejudicial to his creditors. Indeed, Krysheski gave as his only reason for not attending the meeting the fact that he did not receive notice. He was obviously willing to attend a meeting with creditors

3

and the court seemed ready to direct him to attend the next meeting the trustee had scheduled when the trustee asked to inquire further concerning his failure to appear at the original hearing.

It is implicit in the language of the statute that delay alone is not sufficient; there must be delay that is prejudicial to the creditors. Here, none of the creditors attended the meeting either. The bankruptcy court did not make the factual finding of prejudice necessary to support dismissal under § 707(a)(1). *See In re Dinova*, 212 B.R. at 444 (debtor's failure to attend one or more 341 meetings may or may not constitute cause). In light of this, its decision must be vacated and the case remanded.

**IT IS THEREFORE ORDERED** that the dismissal of the petition is **VACATED**, and the case is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Wisconsin for further proceedings not inconsistent with this opinion.

Dated this   13th   day of July, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
